UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN GERRUE,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>KIM HOLLAND,<br><br>　　　　Respondent. | No. 2: 15-cv-0045 WBS KJN P<br><br><br>ORDER |

　　　Petitioner, a state prisoner proceeding without counsel, has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On January 8, 2015, the Fresno Division of the United States District Court for the Eastern District of California transferred this action to this court. (ECF No. 7.)

　　　In the petition, petitioner requests that this action be stayed while his "state appeals are still going." (ECF No. 1 at 3.) Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002) provides that a district court may stay a petition containing only exhausted claims and hold it in abeyance pending exhaustion of additional claims which may then be added to the petition through amendment. Kelly, 315 F.3d at 1070–71; King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009). If a petition contains both exhausted and unexhausted claims, a petitioner seeking a stay under Kelly must dismiss the unexhausted claims from the petition and seek to add them back in through amendment after exhausting them in state court. King, 564 F.3d at 1138–39. The previously

unexhausted claims, once exhausted, must be added back into the federal petition within the statute of limitations provided for by 28 U.S.C. § 2244(d)(1), however.  King, 564 F.3d at 1140–41.  Under that section, a one-year limitation period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence.  28 U.S.C. § 2241(d)(1).  A federal habeas petition does not toll the limitations period under 28 U.S.C. § 2244(d)(2).  Duncan v. Walker, 533 U.S. 167 (2001).

Under Rhines v. Weber, 544 U.S. 269 (2005), a district court may stay a mixed petition in its entirety, without requiring dismissal of the unexhausted claims while the petitioner attempts to exhaust them in state court.  King, 564 F.3d at 1139–40.  Unlike the Kelly procedure, however, Rhines requires that the petitioner show good cause for failing to exhaust the claims in state court prior to filing the federal petition.  Rhines, 544 U.S. at 277–78; King, 564 F.3d at 1139.  In addition, a stay pursuant to Rhines is inappropriate where the unexhausted claims are "plainly meritless" or where the petitioner has engaged in "abusive litigation tactics or intentional delay."  Id.

Petitioner is directed to file a motion to stay.  In this motion, petitioner must indicate whether he is seeking a stay pursuant to the procedures outlined in Kelly or Rhines.

Accordingly, IT IS HEREBY ORDERED that within thirty days of the date of this order, petitioner shall file a motion to stay this action; failure to file a motion to stay will result in a recommendation of dismissal of this action.

Dated: January 22, 2015

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Ger45.ord

2