UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WARREN GERRUE,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>KIM HOLLAND,<br><br>　　　　　Respondent. | No. 2:15-cv-0045 WBS KJN P<br><br><br>FINDINGS & RECOMMENDATIONS |

　　　　Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Pending before the court is petitioner's motion to stay this action pending exhaustion of his unexhausted claims.  (ECF No. 13.)  For the following reasons, the undersigned recommends that this motion be denied.

　　　　Before a federal court may consider a petition for a writ of habeas corpus, the petitioner must exhaust the remedies available in state court.  28 U.S.C. § 2254(b).  To exhaust a ground for relief, a petitioner must fairly present that ground to the state's highest court, describing the operative facts and legal theory, and give that court the opportunity to address and resolve the ground.  See Duncan v. Henry, 513 U.S. 364, 365 (1995) ( per curiam ).

　　　　District courts have the authority to stay habeas petitions containing exhausted and unexhausted claims while the petitioner returns to state court to exhaust the unexhausted claims. See Rhines v. Weber, 544 U.S. 269 (2005).  However, a habeas petition containing only

1  unexhausted claims must be dismissed for failure to exhaust. Rasberry v. Garcia, 448 F.3d 1150,
2  1154 (9th Cir. 2006). In other words, the district court is not authorized to stay a habeas petition
3  that contains no exhausted claims. Id.

4      This action is proceeding on the original petition filed December 29, 2014. (ECF No. 1.)
5  Petitioner raises four claims: three claims alleging ineffective assistance of counsel and one
6  claim of prosecutorial misconduct. After reviewing the petition, it appears that none of the claims
7  raised in the petition have been exhausted. Instead, petitioner is in the process of exhausting
8  these claims. Under these circumstances, this court does not have the authority to stay this action.

9      Accordingly, IT IS HEREBY RECOMMENDED that petitioner's motion to stay (ECF
10  No. 13) be denied.

11      These findings and recommendations are submitted to the United States District Judge
12  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days
13  after being served with these findings and recommendations, petitioner may file written
14  objections with the court and serve a copy on all parties. Such a document should be captioned
15  "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections,
16  he shall also address whether a certificate of appealability should issue and, if so, why and as to
17  which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the
18  applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §
19  2253(c)(3). Petitioner is advised that failure to file objections within the specified time may
20  waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir.
21  1991).

22  Dated: April 28, 2015

24  KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

26  Ger45.den